Ben Stokes, and E. Graham Gibbons, Mobile, Ala., for plaintiff.

Emmett R. Cox, Mobile, Ala., for defendants.

**SMITH–KELLY SUPPLY COMPANY, INC., a corporation, Plaintiff,**

v.

**GENERAL CONSTRUCTION CORPORATION, a corporation, and Travelers Insurance Company, a corporation, Jointly and Individually, Defendants.**

**Civ. A. No. 74–384–H.**

United States District Court, S. D. Alabama, S. D.

March 4, 1975.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION FOR SUMMARY JUDGMENT FILED BY THE TRAVELERS INDEMNITY COMPANY

HAND, District Judge.

The motion for summary judgment filed herein by The Travelers Indemnity Company coming on to be heard and the Court having heard from counsel and considered the matter enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On or about July 9, 1973, General Construction Corporation, a corporation, entered into a written agreement with Vankel, Inc., a corporation, by the terms of which General Construction Corporation agreed to construct a building for Vankel, Inc. A copy of said written agreement is before the Court as an exhibit to the affidavit of Herman Maisel.

2. General Construction Corporation, as principal, and The Travelers Indemnity Company, as surety, executed a performance bond naming Vankel, Inc., as obligee. A copy of the bond is before the Court as an exhibit to the affidavit of Herman Maisel. The written agreement between General Construction Corporation and Vankel, Inc. was made a part of the contract bond by reference. This is the bond on which this action is based.

3. The plaintiff Smith-Kelly Supply Company, Inc. claims that it sold General Construction Corporation materials and supplies for use in the construction project which was the subject of the written agreement between General Construction Corporation and Vankel, Inc., and that the plaintiff has not been paid for such materials and supplies.

4. The Court does not make an express finding of fact that the plaintiff did in fact sell General Construction Corporation materials and supplies for which the plaintiff has not been paid, but assumes for the purpose of making an adjudication upon the defendant's motion for summary judgment that that is the case.

## CONCLUSIONS OF LAW

1. An unpaid materialman who has supplied a general contractor materials for use in completing a construction contract evidenced by a written agreement between the general contractor and the owner of the construction project under the terms of which the general contractor agrees to furnish materials for use in the construction but does not expressly provide for the payment of the same, said construction contract being secured in its performance by a bond upon which the general contractor is a principal and the owner is a surety, and bond being conditioned upon the faithful performance of the construction contract by the principal free and clear of liens arising out of claims for materials, and being further conditioned on indemnification and saving harmless the obligee, has no cause of action in his favor against the surety upon the bond. *Fidelity and Deposit Company v. Rainer* (1929) 220 Ala. 262, 125 So. 55, 77 A.L. R. 13; *David Lupton's Sons' Construction Company v. Hugger Brothers Construction Company* (1933) 227 Ala. 25, 148 So. 610; *Adams Supply Company v. United States Fidelity and Guaranty Company* (1959) 269 Ala. 171, 111 So.2d 906; American Law Institute, RESTATEMENT OF THE LAW OF SECURITY (1941) Sections 165, 166.

2. There is no genuine issue as to any material fact necessary to a determination as to the nonliability of the defendant The Travelers Indemnity Company, and the defendant The Travelers Indemnity Company is entitled to judgment in its favor as a matter of law.